IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

AARON ESTERS,

    Petitioner,

v.                                                Case No. 5:21-cv-00604

D.L. YOUNG, Warden, FCI Beckley,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). Petitioner also filed an incomplete Application to Proceed Without Prepayment of Fees and Costs (ECF No. 5). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is incarcerated at the Federal Correctional Institution at Beckley, in Beaver, West Virginia ("FCI Beckley") serving concurrent 70-month terms of imprisonment, followed by an aggregate five-year term of supervised release, after his conviction in the United States District Court for the Western District of Kentucky on charges of possession with intent to distribute methamphetamine and being a felon in possession of a firearm. *United States v. Esters*, No. 3:19-cv-00049-1, ECF No. 42 (W.D. Ky., June 16, 2020). His current projected release date is May 7, 2024.

On November 16, 2021, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking the awarding of earned time credits pursuant to the First Step Act of 2018, 18 U.S.C. § 3632(d)(4)(A). (ECF No. 1). However, it is apparent from the face of the petition that it is premature and it is not apparent therefrom whether Petitioner exhausted the required administrative remedies before filing his petition. Thus, the petition is subject to summary dismissal.

## ANALYSIS

### A. Exhaustion of administrative remedies.

Generally, a federal inmate must exhaust available administrative remedies before filing a writ of habeas corpus in federal court. *Boumediene v. Bush*, 553 U.S. 723, 782 (2008); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (an inmate must exhaust administrative remedies before filing a § 2241 petition). Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required prisoners to exhaust their administrative remedies, absent futility thereof, before seeking habeas review under § 2241. *See, e.g., Timms v. Johns*, 627 F.3d 525, 530-33 (4th Cir. 2010) (requiring exhaustion in a § 2241 matter); *McClung*, 90 F. App'x at 445 ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being hauled into court. *Arbaugh v. Berkebile*, No. 5:10-cv-528, 2010 WL 5481198, at *3 (S.D.W. Va. Nov. 8, 2010), *report and recommendation adopted*, No. 5:10-cv-00528, 2011 WL 9387 (S.D.W. Va. Jan. 3, 2011)

(citing *Jones v. Bock*, 549 U.S. 199, 204, (2007); *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992)). Because the statute authorizing habeas corpus matters does not expressly require administrative exhaustion, the court retains discretion to disregard the exhaustion requirement in "pressing circumstances." *Reeder v. Phillips*, No. 1:07-cv-138, 2018 WL 243003, at *3 (N.D.W. Va. June 12, 2008). However, exhaustion should only be excused where administrative review would be futile. *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573 (N.D.W. Va. 2007). Thus, "as a general rule, courts will deny judicial relief until all administrative remedies have been exhausted[,] and exhaustion will not be considered futile, "[u]nless the agency is certain to rule adversely." *Reeder,* 2008 WL 2434003 at *2-3.

The BOP has a four-step Administrative Remedy Program for resolving grievances: (1) seeking informal resolution with a staff member; (2) submitting a formal grievance to the Warden on a "BP-9" form; (3) appealing the formal grievance to the Regional Director on a "BP-10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP-11" form within 30 days of the date the Regional Director signed the response to the appeal. *See* 28 C.F.R. § 542.10-542.15; *Luczak v. Coakley,* No. 5:16-cv-189, 2018 WL 4326877, at *6 (N.D.W. Va. Aug. 3, 2018), *report and recommendation adopted*, No. 5:16-cv-189, 2018 WL 4305810 (N.D.W. Va. Sept. 10, 2018).

Petitioner has not demonstrated that he exhausted each level of the BOP administrative remedy process before filing the instant petition and he has not demonstrated any facts supporting a finding that such administrative remedy process would be futile. Therefore, dismissal of his § 2241 petition for failure to properly

3

exhaust administrative remedies is warranted. *See Jackson v. Saad*, No. 1:18-cv-01022, 2019 WL 321411, *1 (S.D.W. Va. Jan. 24, 2019) (Faber, S.J.) ("administrative remedies are to be exhausted prior to filing suit."). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition should be dismissed for failure to demonstrate exhaustion of administrative remedies.

### B. Petitioner has not demonstrated a present right to habeas relief.

Even if the court were to determine that exhaustion should be waived or excused, this petition should be dismissed as premature. The First Step Act of 2018 ("FSA" or "the Act"), signed into law on December 21, 2018, includes a provision for evidence-based recidivism reduction program incentives and productive activities rewards. *See* Pub. L. 115-391, 132 Stat. 5194 (2018); *see also* 18 U.S.C. § 3632(d). Through this program, prisoners may earn various incentives and rewards, including the awarding of time credits, for their participation in and completion of certain programs and productive activities that are assigned to them by Bureau of Prisons ("BOP") staff. *See* 18 U.S.C. §§ 3632(b), (d).

As part of the FSA, 18 U.S.C. § 3632(a), and as specifically addressed in 18 U.S.C. § 3621(h), the BOP was required to create a new risk and needs assessment system to determine the recidivism risk of each prisoner by January 15, 2020, begin implementing the system on that date, and have full implementation completed by January 15, 2022. *See Saleh v. Young*, No. 5:19-cv-00468, 2021 WL 1758711 (S.D.W. Va. May 4, 2021). Thereafter, prisoners who successfully complete approved evidence-based recidivism reduction programming or productive activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a

prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

Although the BOP has until January 15, 2022 to phase-in the program, Section 3621(h)(4) grants the BOP discretionary authority to preliminarily implement the incentive program. 18 U.S.C. § 3621(h)(4). However, it does not <u>mandate</u> the BOP to award such incentives during the phase-in period. Specifically, Section 3621(h)(4) provides as follows:

> Beginning on the date of enactment of this subsection, the Bureau of Prisons **may** begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and **may** offer to prisoners who successfully participate in such programs and activities and rewards described in subchapter D.

18 U.S.C. § 3621(h)(4) (emphasis added).

As noted by the District Court in *Saleh*, the BOP has until January 15, 2022 to provide evidence-based recidivism reduction programs and productive activities for all prisoners and, only at that time, will it be <u>required</u> to award such time credits to eligible prisoners. 2021 WL 1758711 at *1 (citing *Hand v. Barr*, No. 1:20-cv-00348-SAB-HC, 2021 WL 392445, * 5 (E.D. Cal. Feb. 4, 2021). Prior thereto, the authority of the BOP to award such time credits is clearly discretionary and it has no obligation to award such time credits to those who successfully complete the assigned programs and activities prior to that date. The BOP has not exercised its discretion to earlier award such time credits and the greater weight of the case law addressing similar claims has upheld that

discretion. *See Dunn v. Carver*, No. 1:21-cv-00130, 2021 WL 5183865, at *3 (S.D.W. Va. Sept. 29, 2021), *report and recommendation adopted*, 2021 WL 5183023 (S.D.W. Va. Nov. 8, 2021) (collecting cases).

Accordingly, there is no basis for this court to require the BOP to award such time credits to Petitioner and, thus, no basis for the court to grant habeas corpus relief requiring him earlier release from custody. *See Jones v. Phelps*, No. 1:21-cv-418-JFA-SVH, 2021 WL 3668885, at *8 (D.S.C. June 16, 2021), *report and recommendation adopted*, 2021 WL 3667396 (D.S.C. Aug. 17, 2021) ("The relevant statutes, as well as the heavy weight of authority, do not show that the BOP is obligated to apply Petitioner's earned time credits prior to January 15, 2022 . . . the court has no discretion to disregard the plain language of the relevant statutes."); *Knight v. Bell,* No. 20-cv-3108-JKB, 2021 WL 1753791, at *3 (D. Md. May 4, 2021) (BOP inmates seeking earned time credits under FSA cannot obtain habeas relief at this time). Accordingly, the undersigned similarly proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated a present right to habeas corpus relief on this basis.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 5), and **DISMISS** this civil action from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner.

December 14, 2021

Dwane L. Tinsley
United States Magistrate Judge